UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNARD U. AKAGHA,<br><br>Plaintiff,<br><br>v.<br><br>AFFINIA DEFAULT SERVICES, LLC, et al.<br><br>Defendants. | Case No. 1:26-cv-04576-KES-EGC<br><br>**ORDER (1) TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO COMPLY WITH COURT ORDER AND TO PROSECUTE AND (2) DIRECTING THE CLERK TO SERVE A COPY OF THIS ORDER ON PLAINTIFF**<br><br>21-DAY DEADLINE |

On June 12, 2026, Defendants removed this case from Fresno County Superior Court, (Doc. 1).

On June 22, 2026, Defendants Lakeview Loan Servicing, LLC and Mr. Cooper filed a motion to dismiss. (Doc. 3). Plaintiff's opposition or statement of non-opposition was therefore due by no later than July 9, 2026. *See* E.D. Cal. Rule 230(c); Fed. R. Civ. Pro. 6(d), *see also* Fed. R. Civ. P. 78. No such opposition has been filed in violation of Local Rule 230(c). (*See* Docket).

The Local Rules of the United States District Court for the Eastern District of California, corresponding with Rule 11 of the Federal Rules of Civil Procedure, provide, "[f]ailure of counsel or of a party to comply with . . . any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." E.D. Cal. L.R. 110. "District courts have inherent power to control their dockets," and in exercising that power, a court

may impose sanctions, including dismissal of an action. *Thompson v. Housing Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See*, *e.g.*, *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

**Accordingly, IT IS HEREBY ORDERED that within twenty-one (21) days of this order Plaintiff must show cause in writing why the Court should not construe Plaintiff's failure to file a timely opposition as a non-opposition to Defendant's motion, why this case should not be dismissed for failure to prosecute, and why monetary sanctions should not be imposed. *See* Local Rule 230(c).** The Court further CAUTIONS Plaintiff that, if they fail to file a response to the motion to dismiss that addresses the untimeliness of such a response within twenty-one (21) days of the date of service of this order, the Court will recommend to the presiding district court judge that this action be dismissed in its entirety.

The Clerk of Court is DIRECTED to serve a copy of this order on Plaintiff at her address as reflected on the Docket.

IT IS SO ORDERED.

Dated: **August 17, 2026**

Erin Sug Castillo

UNITED STATES MAGISTRATE JUDGE